UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELMA ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RAY MABUS,<br><br>    Defendant. | Case No.  14-cv-05153-KAW<br><br>**REPORT AND RECOMMENDATION TO GRANT MOTION FOR JUDGMENT ON THE PLEADINGS; ORDER REASSIGNING CASE TO A DISTRICT JUDGE**<br><br>Dkt. No. 6 |

On November 21, 2014, Plaintiff Velma Robinson, proceeding pro se, filed this case against Defendant Ray Mabus, Secretary of the Navy, for workplace injuries sustained during her employment between 1980 and 1986.  (Compl., Dkt. No. 1, Ex. 1.)  On January 21, 2015, Defendant filed a motion for judgment on the pleadings on the grounds that Plaintiff's claims are not only time-barred, but that the Court lacks subject matter jurisdiction due to Plaintiff's failure to comply with the Federal Tort Claims Act. (Def.'s Mot., Dkt. No. 6 at 2.)

On March 3, 2015, the Court issued an order to show cause why Plaintiff's case should not be dismissed for failure to prosecute, and ordered Plaintiff to file either an opposition to the motion for judgment on the pleadings or a statement of non-opposition to the motion no later than March 27, 2015. (Dkt. No. 12.)  Plaintiff was advised that her failure to timely file both documents may result in the dismissal of this action for failure to prosecute. *Id.* The Court continued the motion hearing to April 16, 2015, in order to provide Plaintiff with an opportunity to reply to the OSC and file an opposition to the pending motion. *Id.*

To date, Plaintiff has not responded to the OSC nor has she filed an opposition to Defendant's motion for judgment on the pleadings.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or

claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Since Plaintiff has not consented to the undersigned, the April 16, 2015 hearing on the motion for judgment on the pleadings is VACATED, and the Court reassigns this action to a district judge with the recommendation that Defendant's motion be granted as unopposed and that the case be dismissed with prejudice. Specifically, based on the face of the complaint, it appears that Defendant's assertion that Plaintiff's allegations are time-barred is correct because Plaintiff's alleged injuries were sustained more than twenty years ago.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: April 7, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge